UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| ABRAHAM PORTNOV, | NOT FOR PUBLICATION |
| Plaintiff, | |
| | **MEMORANDUM & ORDER** |
| v. | 19-CV-5311 (MKB) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Abraham Portnov, proceeding *pro se*, commenced the above-captioned action against Defendant United States of America (the "United States") on September 16, 2019. (Compl., Docket Entry No. 1.) Plaintiff alleges that various federal courts have violated his rights by incorrectly adjudicating his claims and delaying the proceedings. (*Id.* at 1, 6.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

**I. Background**

The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order.

On March 5, 2013, Plaintiff and his wife sought to board a Carnival cruise ship docked in Buenos Aires, Argentina "with [their] Canadian and Israeli passports" but were denied entry by Carnival staff members. (Compl. 1–2.) Plaintiff alleges that one Carnival employee "tried to [leave Plaintiff and his wife] in a foreign country without belongings, money, financing and other documents." (*Id.* at 2.) As a result, Plaintiff alleges that he has suffered "long-term

consequences of stress," which "doctors have suggested [Plaintiff] . . . treat . . . by special medicine." (*Id.*) Plaintiff alleges that for more than five years, he has "not got[ten] any right court[] decisions," and that "every decision, every intentional courts' long inaction . . . added to" Plaintiff's and his wife's "stress."[1] (*Id.* at 1.)

The Court liberally construes the Complaint as asserting a claim for intentional infliction of emotional distress in violation of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the "FTCA"). (*Id.*) Plaintiff seeks monetary damages. (*Id.* at 7.)

---

[1] Plaintiff has filed a number of federal lawsuits in connection with the allegations against Carnival and the courts' subsequent treatment of his claims, all of which have been dismissed. *See Portnov v. U.S. Dep't of Justice*, No. 18-CV-00303, 2019 WL 4169781 (D. Utah Aug. 9, 2019) (recommending that the court dismiss on improper venue grounds Plaintiff's claims against the Department of Justice ("DOJ") and several DOJ attorneys in connection with Plaintiff's previous case filed in the Federal Court of Claims), *report and recommendation adopted*, 2019 WL 4168756 (D. Utah Sept. 3, 2019); *Portnov v. United States*, No. 17-672C, 2017 WL 2295001 (Fed. Cl. May 25, 2017) (dismissing for lack of jurisdiction Plaintiff's claims alleging injury by the federal judiciary), *aff'd*, 739 F. App'x 613 (Fed. Cir. 2017); *Portnov v. United States of America*, No. 16-CV-01519 (W.D. Wash. Nov. 4, 2016) (denying reconsideration of order dismissing on immunity grounds Plaintiff's claims under the FTCA for emotional distress and finding claims frivolous in light of previous judicial rulings dismissing same claims), *appeal dismissed*, No. 16-35940 (9th Cir. Mar. 13, 2017); *Portnov v. Grewal*, No. 16-CV-05598 (N.D. Cal. Oct. 17, 2016) (dismissing on absolute immunity grounds Plaintiff's claims against federal judge and finding claims frivolous), *motion to amend judgment denied*, No. 16-CV-05598, 2016 WL 7188036 (N.D. Cal. Dec. 12, 2016); *Portnov v. United States of America*, No. 16-CV-00310 (W.D. Wash. Apr. 28, 2016) (denying reconsideration of order dismissing on sovereign immunity and lack of federal jurisdiction grounds Plaintiff's claims for emotional distress); *Portnov v. Carnival Corp.*, No. 14-CV-02887, 2015 WL 557195 (N.D. Cal. Feb. 9, 2015) (dismissing on improper venue grounds Plaintiff's claims against Carnival for discrimination and infliction of emotional distress), *aff'd*, No. 15-15313 (9th Cir. Aug. 12, 2015); *Portnov v. Carnival Corp.*, No. 13-CV-02045 (W.D. Wash. Mar. 4, 2014) (denying Plaintiff's application to proceed *in forma pauperis* and dismissing case for failure to pay the filing fee).

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Improper venue

Liberally construing the Complaint, the Court understands Plaintiff to allege claims under the FTCA against the United States for emotional distress Plaintiff suffered due to federal courts' failure to grant the relief he sought. (*See generally* Compl.)

The United States is generally immune from suit. *See United States v. Bormes*, 568 U.S. 6, 9 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be

sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992))). Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees while acting within the scope of their employment." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). "The Government's liability under the FTCA is limited to 'circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994) (quoting 28 U.S.C. § 1346(b)); *see also Vale v. United States of America*, 673 F. App'x 114, 116 (2d Cir. 2016).

A plaintiff bringing a tort claim against the United States under the FTCA may do so "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). The "decision whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Where a plaintiff has "an unsuccessful history of litigation" in a district where venue appears to be proper, a district court may "dismiss[] the case after concluding that [plaintiff's] attempt to bring their case [in a different district] constitute[d] impermissible forum shopping." *Id.* (citing *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 395 (2d Cir. 1992)).

Plaintiff resides in Canada. (*See* Civil Cover Sheet, annexed to Compl., Docket Entry No. 1.) Defendant's alleged tortious conduct — delays and adverse judicial rulings by various federal courts causing Plaintiff emotional distress — occurred in California, Washington State, Washington, D.C., Utah, and Colorado. (*See* Compl. 2–6.) Plaintiff does not reside in, and has

not alleged any conduct occurring in, the Eastern District of New York. Accordingly, pursuant to section 1402(b) of the FTCA, venue in this district is not proper.

As discussed above, Plaintiff has previously filed a number of similar lawsuits in the districts where Defendant's alleged tortious conduct occurred, all of which have been dismissed for lack of jurisdiction, immunity, or improper venue. Having been unsuccessful in those courts, Plaintiff has now filed suit in this district, to which his claims have no apparent connection. Accordingly, the Court finds that transfer would not be in the interest of justice. *See Spar, Inc.*, 956 F.2d at 395 (affirming district court's dismissal for improper venue where "plaintiffs' attempt to transfer the case was, in some respect, forum shopping").

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint for improper venue pursuant to 28 U.S.C. § 1402(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: November 8, 2019
      Brooklyn, New York

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge